1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>      v.<br><br>GEMINI INSURANCE COMPANY; and<br>NAVIGATORS SPECIALTY INSURANCE<br>COMPANY,<br><br>             Defendants, | Case No.<br><br>**COMPLAINT FOR<br>DECLARATORY RELIEF,<br>EQUITABLE<br>CONTRIBUTION AND<br>EQUITABLE<br>SUBROGATION** |

Plaintiff, COLONY INSURANCE COMPANY ("COLONY") alleges as follows:

## **PARTIES**

1.      COLONY is organized and existing under the laws of Virginia and maintains its principal place of business in Virginia.

2.      Upon information and belief, Defendant GEMINI INSURANCE COMPANY ("GEMINI") is organized and existing under the laws of Delaware and maintains its principal place of business in Connecticut.  Upon information and belief, GEMINI is authorized to do business and at all relevant times transacted business in the State of Washington, including the underwriting of policies of insurance to insureds in Washington.

COMPLAINT
- Page 1

3.      Upon information and belief, Defendant NAVIGATORS SPECIALTY INSURANCE COMPANY ("NAVIGATORS SPECIALTY") is organized and existing under the laws of New York and maintains its principal place of business in New York.   Upon information and belief, NAVIGATORS SPECIALTY is authorized to do business and at all relevant times transacted business in the State of Washington, including the underwriting of policies of insurance to insureds in Washington.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 because there is complete diversity of jurisdiction between the parties.   The amount in controversy is more than $75,000, not counting interest and costs of court, because COLONY is seeking an amount in total $1,000,000 from GEMINI and/or NAVIGATORS SPECIALTY.

5.      Venue is proper pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

### Contract

6.      Between 2014 to 2016, Saltaire Craftsmen, LLC ("Saltaire") was retained as the general contractor to renovate an apartment known as The Hudson located in Seattle, Washington ("Apartment"), including the renovation of the common deck railing to match the railings of the unit balconies.

7.      On January 23, 2015, Saltaire contracted with Superior Sole Welding & Fabrication, Inc. ("Superior") for Superior to supply and install the deck railings at the Apartment ("Subcontract"). (A true and correct copy of the Subcontract is attached hereto as "Exhibit A.")

/ / /

COMPLAINT
 - Page 2

8.      The Subcontract states *"Subcontractor's General Liability Policy must name Saltaire Craftsmen LLC, as an Additional Insured."*   The Subcontract also states, *"Subcontractor shall indemnify and hold Contractor [Saltaire] harmless… against any claims… that may arise from subcontractor's work."*   Moreover, the Subcontract contains the following provision:

<u>INSURANCE</u>

Subcontractor shall obtain and keep in force during the term of the SUBCONTRACT and supply a Certificate of Insurance stating the following:

|  | General Liability | Employer's Liability | Automobile |
|---|---|---|---|
| Occurrence | $1,000,000 | $1,000,000/Accid | $1,000,000 |
| Aggregates | $2,000,000 Gen'l Agg | $1,000,000 Policy Limit | |
| | $2,000,000 Prod/Co Agg | | |

**(Umbrella insurance may be used to fulfill part of these requirements)**

In the event subcontractor does not meet all of the conditions, including the additional insured and waive of subrogation requirements than 1.5% of contract price will be deducted from subcontractor.

<u>Additional Insured</u>

Subcontractor's General Liability Policy must name Saltaire Craftsmen, LLC as an Additional Insured. The additional insured wording must be noted on the Certificate of Insurance provided to Saltaire prior to commencing work, and maintained throughout the duration of the work.

**The Underlying Lawsuit**

9.      In May 18, 2019, Lena Chindamany ("Chindamany") fell through a railing on a common area deck at the Apartment and was injured.

/ / /

ROBERTSON & ASSOCIATES, APC
550 WEST C STREET
SUITE 580
SAN DIEGO, CA 92101
(619) 531-7000

10.     Chindamany filed a complaint in the action entitled *Chindamany, Lena v. F&L; Kami Limited Partnership; et al.* in the King County Superior Court, Cause No. 20-2-01720-5 SEA (the "Underlying Lawsuit") against, among others, Saltaire and Superior, in which Chindamany alleges her fall and injury was caused by the railing that failed to meet building code requirements at the time Chindamany crashed through it.  Chindamany's damages were directed to both Superior and Saltaire for the deck railing's failure to stop her fall and injury. (A true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as "Exhibit B.")

**Policies**

11.     COLONY issued to Saltaire a Commercial General Liability Policy No. 103 GL 0026658-00 for the policy period from December 1, 2018 to December 1, 2019 (the "Colony Policy"). The Colony Policy provides limits of $1,000,000 each occurrence and $2,000,000 general aggregate. (A true and correct copy of the Colony Policy is attached hereto as "Exhibit C.")

12.     COLONY also issued to Saltaire a Commercial Excess Liability Policy No. XS174098 for the policy period from January 23, 2019 to December 1, 2019 (the "Colony Excess Policy"). The Colony Excess Policy provides limits of $2,000,000 each occurrence and $2,000,000 general aggregate. (A true and correct copy of the Colony Excess Policy is attached hereto as "Exhibit D.")

13.     GEMINI issued to Superior a Commercial General Liability Policy No. VCGP024618 for the policy period from May 15, 2019 to May 15, 2020 (the "Gemini Policy"). The Gemini Policy provides limits of $1,000,000 each occurrence and $2,000,000 general aggregate. (A true and correct copy of the Gemini Policy is attached hereto as "Exhibit E.")

COMPLAINT
- Page 4

14.    NAVIGATORS SPECIALTY issued to Superior a Commercial Excess Liability Policy No. SE19EXC936730IC for the policy period from May 15, 2019 to May 15, 2020 (the "Navigators Excess Policy"). The Navigators Excess Policy provides excess limits of $4,000,000 each occurrence and $4,000,000 general aggregate. The Navigators Excess Policy is excess to the Gemini Policy. (A true and correct copy of the Navigators Excess Policy is attached hereto as "Exhibit F.")   The Navigators Excess Policy states:

*SECTION II – WHO IS AN INSURED*

*This WHO IS AN INSURED SECTION of the "controlling underlying insurance" is made part of this policy. Any person or organization that is an insured in "controlling underlying insurance" is an insured in this policy to the same extent."*

The Navigators Excess Policy also provides the following endorsement entitled Amendment of Conditions Other Insurance Primary and Non-Contributing, which states:

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL EXCESS LIABILITY COVERAGE PART*

*SCHEDULE*

*When required by written contract executed before the "loss."*

*A. Section IV – Conditions, 9. Other Insurance is deleted and replaced by the following:*

*9. This insurance is excess over any other insurance available to the insured except:*

*a. Insurance that is purchased specifically to apply in excess of this policy; or*

COMPLAINT
- Page 5

*b. Insurance available to the person or organization shown in the Schedule of this endorsement as an additional insured on the "controlling underlying insurance."*

**Gemini Accepted Additional Insured Coverage for Saltaire,**

**but Failed to Contribute Its $1 Million Limit On Behalf of Saltaire**

**Towards the Settlement of the Underlying Lawsuit**

15.     Saltaire tendered defense and indemnity as an additional insured in the Underlying Lawsuit to GEMINI and NAVIGATORS SPECIALTY based on the Subcontract.

16.     GEMINI, via its claims company, Vela Insurance Services, a Berkley Company ("Vela"), that is handling claims on behalf of GEMINI, issued a coverage acceptance letter dated August 27, 2020 to Saltaire's counsel in which GEMINI agreed to defend and indemnify Saltaire as an additional insured under the Gemini Policy in the Underlying Lawsuit.  (A true and correct copy of the August 27, 2020 coverage acceptance letter is attached hereto as "Exhibit G.") The August 27, 2020 letter states:

*Please accept this as formal response to your tender demand on behalf of Saltaire Construction. For the reasons discussed herein, we are accepting your tender as noted below.*

*Superior's Gemini policy VCGP024618 has a policy period of 5/15/19 to 5/15/20. The policy provides limits of $1M per occurrence and $2M in the aggregate.*

*Pursuant to the lawsuit filed by Lena Chindamany, please be advised that Vela, on behalf of Gemini Insurance Company, is accepting the tender of the defense*

COMPLAINT
- Page 6

*and indemnity for Saltaire pursuant to all the endorsements, terms and conditions of the Gemini policy, including the limits of liability.*

*We understand that the contract between Saltaire and Superior requires an additional insured obligation to Saltaire. Gemini hereby provides additional insured status to Saltaire…*

*… As you know, the defense is currently being provided by the law firm of Preg O'Donnell. We would agree to their remaining as counsel for Saltaire.*

17.     Thereafter, on January 25, 2022, GEMINI issued a response letter to a policy limit demand.  Gemini's letter was sent to counsel for Chindamany and Saltaire in which GEMINI agreed to make its $1,00,000 policy limit available on behalf of Saltaire as an additional insured under the Gemini Policy in the Underlying Lawsuit.  (A true and correct copy of the January 25, 2022 letter is attached hereto as "Exhibit H.") The January 25, 2022 letter states in pertinent part:

*"Gemini has made the $1 million policy limit available for settlement purposes*

*in this case on behalf of Superior and Saltaire."*

18.     As discussed below, however, GEMINI failed to contribute its $1,00,000 policy limit towards the settlement of the Underlying Lawsuit on behalf of Saltaire as an additional insured under the Gemini Policy.

**Navigators Specialty Denied Additional Insured Coverage to Saltaire**

19.     NAVIGATORS SPECIALTY issued a coverage denial letter dated November 15, 2021 arguing that Saltaire does not qualify as an additional insured for the Underlying Lawsuit under the Navigators Excess Policy.  (A true and correct copy of the November 15, 2021 letter is attached hereto as "Exhibit I.") NAVIGATORS SPECIALTY denied coverage

COMPLAINT
- Page 7

based on its interpretation of the Subcontract, arguing that there is no requirement in the Subcontract *"that any excess additional insured coverage be procured to Saltaire, or that any additional insured coverage procured be primary and/or noncontributory to Saltaire's own coverage."*

20.    On that same day, NAVIGATORS SPECIALTY issued a supplemental coverage denial letter (also dated November 15, 2021), which dramatically changed its position on coverage by arguing that even if Saltaire qualified as an additional insured under the Navigators Excess Policy, the Colony Policy is primary to the Navigators Excess Policy. (A true and correct copy of the November 15, 2021 supplemental letter is attached hereto as "Exhibit J.").

**Settlement of the Underlying Lawsuit**

21.    A settlement was reached in the Underlying Lawsuit, in which Chindamany agreed to accept as settlement from various defendants, including Superior and Saltaire.

22.    Superior agreed to pay $2,875,000 towards the settlement in exchange for a release and dismissal in the Underlying Lawsuit, funded by its insurers.

23.    GEMINI, as the primary insurer for its named insured, Superior, under the Gemini Policy, funded $1,000,000 of Superior's contribution towards the settlement with Chindamany.

24.    NAVIGATORS SPECIALTY as the excess insurer for its named insured, Superior, under the Navigators Excess Policy, funded the remaining $1,875,000 of Superior's contribution towards the settlement with Chindamany.

25.    Saltaire also agreed to pay $2,875,000 towards the settlement in exchange for a release and dismissal in the Underlying Lawsuit, funded by its insurers.

ROBERTSON & ASSOCIATES, APC
550 WEST C STREET
SUITE 580
SAN DIEGO, CA 92101
(619) 531-7000

26.     GEMINI, as an insurer for its additional insured, Saltaire, under the Gemini Policy, failed to fund any amount on behalf of Saltaire in connection with Saltaire's agreement to pay $2,875,000 to Chindamany.

27.     NAVIGATORS SPECIALTY, as an excess insurer for its additional insured, Saltaire, under the Navigators Excess Policy, failed to fund any amount on behalf of Saltaire in connection with Saltaire's agreement to pay $2,875,000 to Chindamany.

28.     COLONY, as both primary and excess insurer for its named insured, Saltaire, under the Colony Policy and Colony Excess Policy, funded Saltaire's entire $2,875,000 contribution in connection with its settlement with Chindamany.

29.     COLONY has tendered and requested indemnity of $1,000,000 from both GEMINI and NAVIGATORS SPECIALTY.   However, GEMINI and NAVIGATORS SPECIALTY refused and continue to refuse to contribute anything in indemnity on behalf Saltaire in the Underlying Lawsuit.

30.     COLONY has provided coverage to Saltaire subject to a reservation of rights, and incurred defense payments for the defense of Saltaire until the date when GEMINI accepted and provided defense for Saltaire.   COLONY has requested contribution up to $1,000,000 in indemnity from both GEMINI and NAVIGATORS SPECIALTY, but GEMINI and NAVIGATORS refused to pay and continue to refuse to pay the requested indemnity obligation under the Subcontract and their respective policies.   COLONY was forced to incur an indemnity payment to effectuate a settlement on behalf of Saltaire in its capacity as an additional insured under the policies issued by GEMINI and NAVIGATORS SPECIALTY in the Underlying Lawsuit. COLONY did not act as a volunteer when it made that indemnity

ROBERTSON & ASSOCIATES, APC
550 WEST C STREET
SUITE 580
SAN DIEGO, CA 92101
(619) 531-7000

payment on behalf of Saltaire in the Underlying Lawsuit in its capacity as an additional insured under the policies issued by GEMINI and NAVIGATORS SPECIALTY.

### FIRST CAUSE OF ACTION

### DECLARATORY RELIEF AGAINST NAVIGATORS SPECIALTY

31.     COLONY incorporates herein and realleges paragraphs 1 through 30 of this Complaint.

32.     An actual controversy exists between COLONY and NAVIGATORS SPECIALTY, in that COLONY contends that there is an additional insured coverage for Saltaire in the Underlying Lawsuit under the Navigators Excess Policy.  COLONY contends that Saltaire is an additional insured based on the Subcontract with contractual indemnity of $1,000,000 because Saltaire qualifies for additional insured coverage under the Gemini Policy. By NAVIGATORS SPECIALTY's own policy language, since Saltaire qualifies as an insured of the "controlling underlying insurance" in the Gemini Policy, thereby it is an insured under Navigators Excess Policy as well.

33.     COLONY further contends that the Subcontract requires additional insured coverage and *"Umbrella insurance may be used to fulfill part of these requirements…"* for Saltaire.  The Subcontract contemplates a combination of both primary and other coverage to be used to satisfy the $1,000,000 indemnity obligation agreed to by Superior. When Superior's primary policy (Gemini Policy) is unable to provide Saltaire totaling $1,000,000 in indemnity, then Superior's umbrella policy (Navigators Excess Policy) is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity.

/ / /

/ / /

COMPLAINT
- Page 10

34.     COLONY also contends that the Colony Policy and Colony Excess Policy are in excess of all insurance, including the Navigators Excess Policy, pursuant to the Subcontract that afforded additional insured coverage for Saltaire under the "controlling underlying insurance."    COLONY contends the Navigators Excess Policy's endorsement entitled "Amendment of Conditions Other Insurance Primary and Non-Contributing" is endorsed to immediately follow the Gemini Policy with respect to indemnity payments for any additional insured of the Gemini Policy.

35.     COLONY is informed and believes and thereon alleges that NAVIGATORS SPECIALTY contends to the contrary.

36.     COLONY requests a judicial determination regarding the respective rights, duties and obligations of the parties with regard to the Navigators Excess Policy in relation to the Underlying Lawsuit.

37.     An actual controversy has arisen and is necessary and appropriate at this time so that COLONY may ascertain its rights under Superior's umbrella policy (Navigators Excess Policy) at issue, including a declaration that: (1) NAVIGATORS SPECIALTY owes Saltaire additional insured indemnity coverage, (2) Superior's umbrella policy (Navigators Excess Policy) is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity to the extent that Superior's primary policy (Gemini Policy) is unable to provide Saltaire $1,000,000 in indemnity; (3) NAVIGATORS SPECIALTY is obligated to reimburse COLONY for the indemnity payment COLONY incurred for Saltaire, and (4) COLONY can recover from NAVIGATORS SPECIALTY the amounts that COLONY has paid in indemnity on behalf of Saltaire in relation to the Underlying Lawsuit.

/ / /

ROBERTSON & ASSOCIATES, APC
550 WEST C STREET
SUITE 580
SAN DIEGO, CA 92101
(619) 531-7000

**SECOND CAUSE OF ACTION**

**EQUITABLE CONTRIBUTION AGAINST GEMINI**

38.     COLONY incorporates herein and realleges paragraphs 1 through 37 of this Complaint.

39.     As GEMINI has agreed to defend and indemnify Saltaire in the Underlying Lawsuit as an additional insured, GEMINI is obligated to contribute indemnity connected to the defense and resolution of Saltaire in the Underlying Lawsuit by reason of its Gemini Policy, the Subcontract, its coverage acceptance letter dated August 27, 2020, and its response to Chindamany's policy limit demand letter dated January 25, 2022, which provide an agreement and acknowledgment to undertake the duty to defend and indemnify under the Gemini Policy.

40.     All conditions precedent to the obligation of GEMINI under the Gemini Policy has been satisfied, waived, and/or excused.  The obligation of GEMINI to indemnify Saltaire up to $1,000,000, as an additional insured, is due and owing.

41.     COLONY requested GEMINI for contribution of the indemnity payment totaling $1,000,000 incurred in the Underlying Lawsuit.  As of the date of this complaint, GEMINI has failed to pay the requested $1,000,000 in indemnity on behalf of Saltaire, as an additional insured, as GEMINI's indemnity obligation under the Subcontract in the Underlying Lawsuit.

42.     Upon information and belief, GEMINI agreed it owes a duty to indemnify Saltaire, as an additional insured, in the Underlying Lawsuit.  However, GEMINI refuses to contribute and reimburse COLONY in an amount up to $1,000,000 in indemnity as GEMINI's contractual indemnity obligation under the Subcontract in the Underlying Lawsuit.

/ / /

COMPLAINT
- Page 12

43.     COLONY is informed and believes, and on that basis allege, that GEMINI had and has an obligation to contribute on an equitable basis toward the payment of an amount up to $1,000,000 as GEMINI's contractual indemnity obligation under the Subcontract in the Underlying Lawsuit.

44.     COLONY is informed and believes, and on that basis allege, that the GEMINI failed to contribute an equitable share of an amount up to $1,000,000 as GEMINI's contractual indemnity obligation under the Subcontract in the Underlying Lawsuit.

45.     The failure of GEMINI to discharge its obligations under its Gemini Policy is wrongful and thus causing an inequitable result, in that COLONY paid more than its equitable share of the indemnity payment for Saltaire in the Underlying Lawsuit without the participation of GEMINI's contractual indemnity, since GEMINI agreed to indemnify Saltaire in the Underlying Lawsuit, respectively, as an additional insured.

46.     Because of GEMINI's wrongful failure to discharge its obligations under the Gemini Policy, COLONY is entitled to an award of equitable contribution in an amount up to $1,000,000 as GEMINI's contractual indemnity obligation under the Subcontract in the Underlying Lawsuit, with interest thereon at the prescribed legal rate.

## THIRD CAUSE OF ACTION

## EQUITABLE CONTRIBUTION AGAINST NAVIGATORS SPECIALTY

47.     COLONY incorporates herein and realleges paragraphs 1 through 46 of this Complaint.

48.     NAVIGATORS SPECIALTY is obligated to contribute indemnity connected to the defense and resolution of Saltaire in the Underlying Lawsuit by reason of the Gemini Policy, Navigators Excess Policy and the Subcontract, which provide an agreement for

COMPLAINT
- Page 13

NAVIGATORS SPECIALTY to indemnify Saltaire when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity.

49.     All conditions precedent to the obligation of NAVIGATORS SPECIALTY under the Subcontract, Gemini Policy and Navigators Excess Policy have been satisfied, waived, and/or excused.  The obligation of NAVIGATORS SPECIALTY to indemnify Saltaire as an additional insured under the Subcontract is due and owing when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit.

50.     COLONY requested NAVIGATORS SPECIALTY contribution of the indemnity payment COLONY incurred in the Underlying Lawsuit to fill any gap in indemnity coverage up to $1,000,000 as set forth in the Subcontract.  As of the date of this complaint, NAVIGATORS SPECIALTY has not responded and has failed to indemnify Saltaire, when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit.

51.     Upon information and belief, NAVIGATORS SPECIALTY owes a duty to indemnify Saltaire, as an additional insured, under the Navigators Excess Policy and the Subcontract in connection with the Underlying Lawsuit, in part because GEMINI, as

ROBERTSON & ASSOCIATES, APC
550 WEST C STREET
SUITE 580
SAN DIEGO, CA 92101
(619) 531-7000

Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit.

52.     COLONY is informed and believes, and on that basis allege, that NAVIGATORS SPECIALTY had and has an obligation to contribute on an equitable basis toward the payment of an amount up to $1,000,000 when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit.

53.     COLONY is informed and believes, and on that basis allege, that the NAVIGATORS SPECIALTY failed to contribute an equitable share of an amount up to $1,000,000 when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit.

54.     The failure of NAVIGATORS SPECIALTY to discharge its obligations under its Navigators Excess Policy is wrongful and thus causing an inequitable result, in that COLONY paid more than its equitable share of the indemnity payment for Saltaire in the Underlying Lawsuit without the contribution of an amount up to $1,000,000 from NAVIGATORS SPECIALTY, when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS

COMPLAINT
- Page 15

SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit.

55.    Because of NAVIGATORS SPECIALTY's wrongful failure to discharge its obligations under the Subcontract and Navigators Excess Policy, COLONY is entitled to an award of equitable contribution in an amount up to $1,000,000 from NAVIGATORS SPECIALTY when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit, with interest thereon at the prescribed legal rate.

## FOURTH CAUSE OF ACTION

## EQUITABLE SUBROGATION AGAINST GEMINI AND NAVIGATORS SPECIALTY

56.    COLONY incorporates herein and realleges paragraphs 1 through 55 of this Complaint.

57.    COLONY incurred indemnity payment of $1,000,000 for which GEMINI AND NAVIGATORS SPECIALTY are liable under the terms of their policies with Saltaire, as an additional insured.

58.    COLONY is not primarily liable for the indemnity payment of $1,000,000 due to the fact that the Subcontract entered into between Saltaire and Superior required Superior to: (1) obtain insurance prior to the commencement of the work by Superior under the Subcontract, (2) name Saltaire as an additional insured under the policies with $1,000,000 per

COMPLAINT
- Page 16

occurrence in general liability (in which umbrella insurance may be used to fulfill the $1,000,000 requirement) obtained; and (3) indemnify Saltaire up to $1,000,000.

59.     COLONY has compensated Saltaire in whole or in part for the defense and indemnity payment in the Underlying Lawsuit.  COLONY did not act as a volunteer when it made the indemnity payment of $2,875,000 on behalf of Saltaire in the Underlying Lawsuit.

60.     Saltaire has an existing, assignable cause of action against GEMINI and NAVIGATORS SPECIALTY for the indemnity payment totaling $1,000,000, that Saltaire could have asserted in its own right had the indemnity payment not been covered by COLONY.

61.     COLONY has suffered damages caused by the failure of GEMINI and NAVIGATORS SPECIALTY to pay the indemnity totaling $1,000,000 for Saltaire.

62.     The equitable position of GEMINI and NAVIGATORS SPECIALTY are inferior to that of COLONY because the policies issued to y Superior, and the Subcontract that Superior entered into with Saltaire, required Superior, via its policies issued by GEMINI and NAVIGATORS SPECIALTY, to indemnify up to $1,000,000 in loss incurred for Saltaire as a result of the Underlying Lawsuit.  Despite those obligations, COLONY, not GEMINI and NAVIGATORS SPECIALTY, bore that indemnity payment of $1,000,000 as a result of a breach of the obligations imposed on GEMINI and NAVIGATORS SPECIALTY under the Subcontract and policies.  Justice so requires that the loss be shifted entirely to GEMINI and NAVIGATORS SPECIALTY, whose equitable positions are inferior to COLONY's position.

63.     COLONY's damages of $1,000,000 is the amount it paid as indemnity for Saltaire in the Underlying Lawsuit.

64.     Accordingly, COLONY seeks equitable subrogation from GEMINI and NAVIGATORS SPECIALTY and demands each of them (GEMINI and NAVIGATORS

COMPLAINT
- Page 17

SPECIALTY) to pay COLONY in total $1,000,000 that COLONY paid for Saltaire in the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, COLONY respectfully requests the following relief:

1.     On the First Cause of Action, a declaration that NAVIGATORS SPECIALTY has an obligation to accept additional insured coverage for Saltaire and indemnify Saltaire in the amount of $1,000,000 when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, and NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, in the Underlying Lawsuit.

2.     On the Second Cause of Action, a Judgment requiring GEMINI to pay to COLONY the $1,000,000 that COLONY paid to indemnify Saltaire against the claim made by Chindamany in the Underlying Lawsuit.

3.     On the Third Cause of Action, a Judgment requiring, when GEMINI, as Superior's primary policy (Gemini Policy), is unable to provide Saltaire totaling $1,000,000 in indemnity, then NAVIGATORS SPECIALTY, as Superior's umbrella policy (Navigators Excess Policy), is to make available and fill any gap in indemnity coverage to total $1,000,000 in indemnity, NAVIGATORS SPECIALTY to pay COLONY any gap in indemnity coverage to total $1,000,000 that COLONY paid to indemnify Saltaire against the claim made by Chindamany in the Underlying Lawsuit.

/ / /

/ / /

COMPLAINT
- Page 18

4.     On the Fourth Cause of Action, a Judgment requiring GEMINI and/or NAVIGATORS SPECIALTY to pay to COLONY the $1,000,000 in indemnity that COLONY paid to indemnify Saltaire against the claim made by Chindamany in the Underlying Lawsuit.

5.     Prejudgment interest on such damages as the law allows, at the maximum allowable rate; and

6.     Any other and further relief the Court deems just and proper.


DATED this 30th day of March, 2022.


By:   ___/s/*Les W. Robertson*_____
LES W. ROBERTSON, WSB#35438
ROBERTSON & ASSOCIATES, APC
Attorneys for Plaintiff Colony Insurance
Company

ROBERTSON & ASSOCIATES, APC
550 WEST C STREET
SUITE 580
SAN DIEGO, CA 92101
(619) 531-7000