# EXHIBIT B

IN THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| LENA CHINDAMANY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>F&L, a Washington limited liability company, KAMI LIMITED PARTNERSHIP, a Washington limited partnership, MILKIE STUDIO, a Washington corporation, OLIVE BUILDING, a Washington limited liability company, and RIZIT COMPANY, a Washington limited partnership, all doing business as THE HUDSON APARTMENTS; CADENCE REAL ESTATE SERVICES, LLC, a Washington limited liability company; and SALTAIRE CRAFTSMEN, a Washington limited liability company;<br><br>Defendants. | NO. 20-2-01720-5 SEA<br><br>COMPLAINT FOR NEGLIGENCE AND DAMAGES |

Plaintiff Lena Chindamany complains and alleges as follows:

## I. JURISDICTION AND VENUE

1. All acts hereinafter alleged occurred within King County, Washington. This Court has jurisdiction over the matter.



FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

## II. PARTIES

2. Plaintiff Lena Chindamany ("Plaintiff") was at all relevant times a resident of King County, Washington.

3. Defendant F&L is a Washington limited liability company doing business at all relevant times in Seattle, King County, Washington.

4. Defendant Kami Limited Partnership is a Washington limited partnership doing business at all relevant times in Seattle, King County, Washington.

5. Defendant Milkie Studio is a Washington corporation doing business at all relevant times in Seattle, King County, Washington.

6. Defendant Olive Building is a Washington limited liability company doing business at all relevant times in Seattle, King County, Washington.

7. Defendant Rizit Company is a Washington limited partnership doing business at all relevant times in Seattle, King County, Washington.

8. Defendants Kami Limited Partnership, Milkie Studio, Olive Building and Rizit Company jointly own the real property and the apartment building located thereon at 2450 Aurora Avenue North, Seattle, WA 98109 ("The Property").

9. Defendant Cadence Real Estate Services, LLC (formerly known as Guide Property Services, LLC), is a Washington limited liability company doing business at all relevant times in Seattle, King County, Washington.

10. Defendants F&L, Kami Limited Partnership, Milkie Studio, Olive Building, Rizit Company and Cadence Real Estate Services jointly own and/or operate the apartment building on The Property under the name of The Hudson Apartments. The term "The Hudson Apartments" as used hereafter refers to Defendants F&L, Kami Limited Partnership, Milkie Studio, Olive Building, Rizit Company, and Cadence Real Estate Services.



FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

11. Defendant Saltaire Craftsmen, LLC ("Saltaire Craftsmen") was at all relevant times a business entity incorporated under the laws of the State of Washington, and is and was doing business in Woodinville, King County, Washington.

## III. FACTS RELEVANT TO ALL CLAIMS

12. The Hudson Apartments is in the business of leasing apartment residences for profit.

13. Upon information and belief, Saltaire Craftsmen was hired to renovate the outdoor social deck at The Property, which deck was intended for the common use of apartment residents and guests.

14. Saltaire Craftsmen's responsibilities included the selection, engineering, design, and installation of new railings for the outdoor social deck.

15. The deck railing system selected, designed, and installed by Saltaire Craftsmen was unreasonably designed for its intended use, was obviously unsafe to a reasonably prudent professional contractor and/or a reasonably prudent professional landlord, was obviously unfit to such professionals for its intended purpose of preventing falls, and was not built in a workmanlike manner or according to industry standards.

16. In May 2019, Lena Chindamany was a resident at The Hudson Apartments.

17. On or about the evening of May 17, 2019, and/or the morning of May 18, 2019, Ms. Chindamany was using the outdoor social deck that was available for common use to entertain her friends.

18. The unreasonably dangerous condition of the deck railing system was not open and obvious, was not known by Ms. Chindamany, and was not discoverable by her in the exercise of ordinary care.



FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

19. While using the outdoor social deck, Ms. Chindamany came into contact with the deck railing at the highest point of the deck.

20. Incredibly, that top rail, whose primary function in that position was to prevent people from falling off the deck, was mounted to its posts using hinged couplings:



21. The use of hinged couplings for this application allowed the top rail to easily disconnect from its posts with the slightest application of force:





FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

22. As a result of this latent and recklessly dangerous condition, when Ms. Chindamany came into contact with the railing, the hinged couplings opened outward, released the top rail from its posts, and Ms. Chindamany fell onto the rockery below:





FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

**COUNT I – NEGLIGENCE AS TO DEFENDANT SALTAIRE CRAFTSMEN**

23. Upon information and belief, Saltaire Craftsmen contracted to renovate the outdoor social deck at The Property for residents and their guests' use.

24. Among other things, Saltaire Craftsmen was responsible for the engineering, selection, design, and/or construction of the deck railing system on the outdoor social deck at The Property.

25. Saltaire Craftsmen owed a duty to use reasonable care in the engineering, selection, design, and/or construction of the deck railing system at The Property, including a duty to comply with all applicable construction codes, safety standards, and common industry customs and practices.

26. The primary purpose of that deck railing system was to prevent falls since the outdoor social deck was quite elevated and the risk of falls without a proper system was substantial.

27. Saltaire Craftsmen negligently selected, engineered, designed, and/or constructed the deck railing system it installed on the Property.

28. As a direct and proximate result of Saltaire Craftsmen's negligence, Ms. Chindamany fell from the deck and sustained injuries and damages in an amount to be determined by a jury.

29. Plaintiff committed no negligent acts and is not at fault in any way for her injuries.

30. No non-parties committed negligent acts that caused or contributed to Plaintiff's injuries.



FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

**COUNT II – NEGLIGENCE AS TO DEFENDANTS OPERATING AND DOING BUSINESS AS THE HUDSON APARTMENTS**

31. Ms. Chindamany was a tenant of The Hudson Apartments on May 17, 2019.

32. A residential landlord has a duty to use ordinary and reasonable care to keep common areas used by tenants in a reasonably safe condition.

33. The Hudson Apartments either knew or should have known through the exercise of reasonable care that the deck railing system on the common use deck at The Property presented an unreasonable risk of harm to tenants.

34. Reasonable care requires a landlord to inspect for dangerous conditions, followed by such repairs, safeguards, and/or warnings as may be reasonably necessary for a tenant's protection under the circumstances.

35. Reasonable inspection and maintenance routines, had they been in effect and followed here, would have revealed to The Hudson Apartments that the use of hinged connections to attach the top rails to posts in the deck railing system on the outdoor social deck was unreasonably dangerous and would have also revealed that those hinged connections were loose, further contributing to the unreasonably dangerous condition of the deck railing system.

36. By failing to detect, repair, and/or warn against those unreasonable dangerous conditions, The Hudson Apartments breached the duty of ordinary and reasonable care owed to tenants such as Ms. Chindamany.

37. As a direct and proximate result of The Hudson Apartment's negligent conduct, Ms. Chindamany fell from the deck and suffered injuries and damages in an amount to be determined by a jury.

38. Plaintiff committed no negligent acts and is not at fault in any way for her injuries.



FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
(206) 501-4446

39. No non-parties committed negligent acts that caused or contributed to Plaintiff's injuries.

## IV. PRAYER FOR RELIEF

Plaintiff prays for judgment against all defendants as follows:

1. A judgment of liability, jointly and severally, against all defendants for the tortious conduct herein;

2. A full award of economic and non-economic damages suffered by plaintiff;

3. An award of taxable costs;

4. An award of reasonable attorneys' fees;

5. Prejudgment interest on such economic and non-economic damages as the law allows, at the maximum allowable rate; and

6. Such further relief as is just and equitable.

DATED this 21st of January, 2020.

FRIEDMAN | RUBIN PLLP

*<u>/s/ Lincoln D. Sieler</u>*

Lincoln D. Sieler, WSBA #20774
David Roosa, WSBA #45266
Rachel Luke, WSBA #42194
Attorneys for Plaintiff
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
Phone: (206) 501-4446
Fax: (206) 623-0794
lsieler@friedmanrubin.com
droosa@friedmanrubin.com
rachel@friedmanrubin.com