# EXHIBIT J

Prepare. Protect. Prevail.℠

THE HARTFORD

Business Insurance
Employee Benefits
Auto
Home

November 15, 2021

***SENT VIA ELECTRONIC MAIL***

Les W. Robertson
550 West C Street, Suite 580
San Diego, CA 92101
lrobertson@robertsonapc.com

| | | |
|---|---|---|
| **Re:** | **Colony's Insured:** | Saltaire Craftsmen, LLC |
| | **Colony Policy:** | |
| | **Colony Claim Number:** | L0991019755 |
| | **Navigator's Direct Insured:** | Superior Sole Welding & Fabrication, Inc. |
| | **Navigators Claim No.:** | EXC346837 |
| | **Lawsuit:** | *Chindamany, Lena v. F&L; Kami Limited Partnership, et al.*, King County Superior Court, Cause No. 20-2-01720-5 SEA |

Dear Mr. Robertson:

We are in receipt of your November 2, 2021 correspondence. Navigators Specialty Insurance Company ("Navigators") hereby reiterates its demand that Colony Insurance Company ("Colony") be prepared to offer its complete $1,000,000 commercial general liability policy limit towards resolution of the allegations against Colony's direct insured, Saltaire Craftsmen, LLC ("Saltaire") in the above-referenced Lawsuit prior to any contribution from Navigators, or any other excess carrier. As an initial matter, Navigators disputes that Gemini Insurance Company ("Gemini") has tendered its limit to Navigators. Not only is that not accurate, but as explained in more detail below, Colony and Gemini are co-primary carriers, and even upon Gemini committing the full limits of its policy (which has not yet occurred as there is no settlement or judgment with regard to the Lawsuit), the Colony policy must fully tender its limits prior to any contribution from any excess carrier.

As an initial matter, and despite Colony's assertions to the contrary, there is no requirement in the January 23, 2015 subcontract between Navigators' insured Superior Sole Welding & Fabrication, Inc. ("Superior Sole") and Saltaire (hereinafter the "Subcontract") that any excess additional insured coverage be procured to Saltaire, or that any additional insured coverage procured be primary and/or noncontributory to Saltaire's own coverage. As a result, and as explained in more detail in our November 15, 2021 coverage position, Saltaire does not qualify as an additional insured under the Navigators Policy.

The Subcontract states that Superior Sole shall procure commercial general liability coverage with limits of $1,000,000 each occurrence, naming Saltaire as an additional insured. As Gemini, Superior Sole's primary carrier is currently defending Saltaire, and has made its limits

available towards resolution, Colony, as a primary carrier of Saltaire must make its own policy limits available towards resolution of the Lawsuit before any excess coverage is potentially triggered. While Navigators disputes that Gemini has a primary and/or noncontributory obligation to Saltaire, Gemini appears to be tendering its full $1,000,000 occurrence limit and Colony should be coordinating with Gemini regarding their potentially co-primary defense and indemnity obligations to Saltaire.

The Subcontract contains an insurance provision which provides the following:

> *INSURANCE*
> *Subcontractor shall obtain and keep in force during the term of the SUBCONTRACT and supply a Certificate of Insurance stating the following:*

| *General Liability* | *Employer's Liability* | *Automobile* |
|---|---|---|
| *Occurrence $1,000,000*<br>*Aggregates $2,000,000 Gen'l Agg*<br>*$2,000,000 Prod/Co Agg* | *$1,000,000/Accid*<br>*$1,000,000 Policy Limit* | *$1,000,000* |

> *(Umbrella insurance may be used to fulfill part of these requirements)*
>
> *In the event subcontractor does not meet all of the conditions, including the additional insured and waive of subrogation requirements than 1.5% of contract price will be deducted from subcontractor.*
>
> *Additional Insured*
>
> *Subcontractor's General Liability Policy must name Saltaire Craftsmen, LLC as an Additional Insured. The additional insured wording must be noted on the Certificate of Insurance provided to Saltaire prior to commencing work, and maintained throughout the duration of the work.*

The entirety of the insurance section of the Subcontract focuses on the scope of additional insured coverage available to Saltaire under Superior Sole's commercial general liability policy. There is no requirement that Superior Sole procure coverage in excess of $1,000,000 per occurrence, and $2,000,000 in the aggregate in general liability coverage, satisfied by Gemini, nor is there any requirement that any coverage on which Saltaire is an additional insured sit primary or noncontributory to Saltaire's own commercial general liability coverage. While Gemini has already agreed that Saltaire qualifies as an additional insured under its policy, subject to certain limitations raised most recently in Gemini's November 8, 2021 correspondence, the Subcontract does not require Superior Sole to name Saltaire as an additional insured under its excess coverage.

Importantly, the Gemini policy contains the following additional insured provision, titled "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS" which provides in relevant part:

| ***SCHEDULE*** | |
|---|---|
| ***Name of Additional Insured Person(s) Or Organization(s):*** | ***Location And Description of Completed Operations*** |
| *Any person or organization when you have agreed in a written and executed contract, prior to an "occurrence", that such person or organization be added as an additional insured on your policy.* | *All locations and completed operations for which you have agreed in a written and executed contract prior to an "occurrence."* |
| *Information required to complete this Schedule, if not shown above, will be shown in the Declarations.* | |

**A.** ***Section II – Who Is an Insured*** *is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products completed operations hazard"*

*However:*

1. *The insurance afforded to such additional insured only applies to the extent permitted by law; and*
2. *If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.*

**B.** *With respect to the insurance afforded to these additional insureds, the following is added to* ***Section III – Limits of Insurance:***

*If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:*

1. *Required by the contract or agreement; or*
2. *Available under the applicable Limits of Insurance shown in the Declarations;*

*whichever is less.*

*This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.*

The Navigators Policy, SE19EXC936730IC, effective from May 15, 2019 through May 15, 2020 contains the following provision:

*SECTION II – WHO IS AN INSURED*

*The WHO IS AN INSURED section of the "controlling underlying insurance" is made a part of this policy. Any person or organization that is an insured in "controlling underlying insurance" is an insured in this policy to the same extent.*

As stated above, Saltaire only qualifies as an additional insured under the Gemini Policy to the extent required by the Subcontract. As previously noted, the Subcontract does not require primary or noncontributory additional insured coverage, nor does it require excess or umbrella coverage beyond $1,000,000 per occurrence and $2,000,000 in the aggregate. Saltaire does not qualify as an additional insured under the Navigators Policy.

Furthermore, even if Saltaire qualified as an additional insured under the Navigators Policy (which it does not), the Navigators Policy contains an other insurance clause which states "This insurance is excess over any insurance available to the insured except insurance purchased specifically to apply in excess of this policy." The Colony Policy is primary to the Navigators Policy, and is possibly co-primary with the Gemini Policy, as the Subcontract contained no requirement for any additional insured coverage to be primary or noncontributory. Prior to any contribution by Navigators, Colony, Gemini, and any other coverage available to Saltaire must tender their full policy limits towards resolution of the Lawsuit.

The citations in your November 8, 2021 letter relate solely to obligations between an insured and an insurer, and do not address or otherwise impact the obligations between two insurers. Navigators' position is further supported by Washington law. In Washington, any priority of coverage is a two-step analysis.[1] The first step of the inquiry is whether the insurers provide the same layer of coverage.[2] As the court in Genie Indus., Inc. v. Fed. Ins. Co. notes "[t]his is an important first step because "other insurance" clauses only become relevant where several insurers insure the same risk at the same level of coverage. An "other insurance" dispute cannot arise between excess and primary insurers."[3] As Colony and Navigators are not carriers insuring the same risk at the same level of coverage, the second-step inquiry, which is a comparison of the "other insurance" clauses is not appropriate. Colony, as a primary carrier, must exhaust prior to any excess coverage being triggered.

It is undisputed that Colony issued a primary commercial general liability policy, and Navigators issued an excess policy. Colony and Gemini, as primary commercial general liability carriers, are of the same layer of coverage. As Gemini is already defending, at best Colony sits excess to the only other carrier of its layer, however, as detailed above, pursuant to the Subcontract and the Gemini Policy, Gemini does not have a primary and noncontributory additional insured obligation. To be clear, this is exclusively an issue between Gemini and Colony, and not Navigators.

---

[1] Genie Indus., Inc. v. Fed. Ins. Co., No. C05-1616MJP, 2006 U.S. Dist. LEXIS 78193, at *5-6 (W.D. Wash. Oct. 26, 2006).
[22] Id.
[3] Id. at 12. See also Safeco Ins. Co. v. Auto. Club Ins. Co., 108 Wash. App. 468, 479, 31 P.3d 52, 58 (2001).

The case law cited in your November 2, 2021 correspondence is inapposite as the Subcontract here does not require Superior Sole's excess coverage to be primary and noncontributory. It is also important to note that in the Gull Industries, Inc. v. Granite State Inc. Co., (Aug. 23, 2021, 7877-1-1) case you cited, the issue addressed long term latent environmental property damage triggering multiple policy periods, and did not address the instant situation where there are multiple policies providing differing levels of coverage for the same policy period. Your conclusion that the instant case is aligned to the instant facts is not supported by the Gull case, nor Washington priority of coverage law, cited above. Moreover, your letter and the Gull case ignore the fact that pursuant to the Subcontract, the Gemini Policy, and those provisions that are incorporated by reference into the Navigators Policy, Saltaire only qualifies as an additional insured to the extent required by the Subcontract, which as you know, does not contain any requirement for Superior Sole to procure excess coverage, or any liability coverage in excess of $1,000,000 per occurrence, and $2,000,000 in the aggregate, which is already provided by the Gemini Policy.

As a result of the foregoing, Colony, is primary to any potential coverage provided by any other carrier. To the extent Colony seeks to resolve the Lawsuit on behalf of its direct insured, it should immediately make its full $1,000,000 policy limit available towards resolution of the Lawsuit, at which any other excess carrier providing coverage to Saltaire can discuss priority of coverage, as well as any relevant coverage issues. This correspondence is not a waiver of any rights, positions, or defenses of Navigators.

I am available at your convenience to discuss this matter in more detail.

Sincerely,

Ashley R. Sauvé
Assistant General Counsel
The Hartford
One Hartford Plaza
Hartford, CT 06155
Phone: 860-547-5353
Ashley.Sauve@TheHartford.com

cc. VIA ELECTRONIC MAIL ONLY

Jennifer Meisinger, Vela Insurance, jmeisinger@vela-ins.com
Molly Horrigan, Colony Insurance Company, Molly.Horrigan@argogroups.com