THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GEMINI INSURANCE COMPANY, *et al.*<br><br>　　　　　　Defendants. | CASE NO. C22-0394-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Gemini Insurance Company's ("Gemini") motion for summary judgment (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds hereby GRANTS the motion for the reasons explained herein.

I.　　BACKGROUND

This case involves a dispute between three insurance companies over who bears responsibility for paying a settlement arising from a personal injury lawsuit. Superior Sole Fabrication & Welding, Inc. ("Superior") was subcontracted by Saltaire Craftsmen ("Saltaire") for a building remodel project. (Dkt. No. 27 at 2.) In early 2020, a personal injury lawsuit was filed against both Superior and Saltaire after an individual fell through the rooftop deck of an apartment building. (*Id.*)

At the time of the incident, Superior had general liability insurance with Defendant

Gemini Insurance Company ("Gemini"). (Dkt. No. 28-1 at 2.) The policy had a $1,000,000 Each Occurrence Limit. (*Id.*) Superior also had a commercial excess liability policy with Defendant Navigators Specialty Insurance Company ("Navigators"). (Dkt. No. 1-6.) Saltaire had both a general and excess liability policy with Plaintiff Colony Insurance Company ("Colony"). (Dkt. Nos. 1-3, 1-4.)

After the underlying lawsuit was filed, Gemini agreed to defend and indemnify Saltire as an "additional insured" to Superior's policy. (Dkt. No. 28-1 at 4–5.) The parties in the underlying lawsuit agreed to mediate the case, and reached a settlement agreement. (*Id.* at 9–11.) During the settlement negotiations, Gemini's representative told defense counsel the Gemini policy limit was available, but only if it would resolve all claims against Saltaire and Superior. (*Id.* at 7.)

The plaintiff in the underlying suit offered to settle all claims against Superior and Saltaire. (Dkt. No. 30-1 at 2.) As part of the settlement, both Superior and Saltaire agreed to pay $2,875,000 each. (*Id.*) Pursuant to the agreement, Gemini issued a check for $1,000,000 to the trust account of the attorney of the plaintiff in that case. (Dkt. No. 28-1 at 13.)

Following the settlement, Colony filed suit against Gemini and Navigators for declaratory relief, equitable contribution, and equitable subrogation. (Dkt. No. 1.) Colony alleges it was improperly required to contribute the entire $2,875,000 settlement obligation on behalf of Saltaire. (Dkt. No. 1 at 29.) Colony asks the Court to require Gemini to pay $1,000,000 to reimburse the amount it paid to indemnify Saltaire. (Dkt. No. 1 at 18–19.)

Gemini now moves for summary judgment, arguing Colony's claims for equitable contribution and equitable subrogation fail as a matter of law. (Dkt. No. 27.) Colony opposes the motion. (Dkt. No. 27.)

## II.     DISCUSSION

### A.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).

### B. Equitable Contribution and Subrogation.

Equitable contribution is the insurer's right to recover from a co-obligor its proportionate share in the same liability. *Mut. Of Enumclaw Ins. Co. v. USF Ins. Co.*, 153 P.3d 877, 881 (Wash. Ct. App. 2007).[1] Equitable subrogation allows an insurer who has paid for its insured's loss to recoup payment from the party responsible for the loss. *Mahler v. Szucs*, 957 P.2d 632, 640 (Wash. 1998).

Gemini argues that neither equitable contribution or equitable subrogation apply where an insurer has already fulfilled its obligation under its policy by paying the policy limit. (Dkt. No. 27 at 5–7.) Colony argues that Gemini represented it would resolve all claims against "*both* Superior and Saltaire." (Dkt. No. 30 at 3) (citing Dkt. No. 27 at 2.) Essentially, despite the fact that Gemini has already paid the entirety of its $1,000,000 policy limit, Colony argues Gemini should be required to pay up to an *additional* $1,000,000 because it made representations that its policy limit would be available for both Superior and Saltaire, but only paid on behalf of Superior. (Dkt. No. 30 at 5.)

Even if the Court were to conclude that the entirety of Gemini's payment under its policy covered Superior's obligations, and did not cover Saltaire, it is unclear why Gemini would be required to make any additional payments. It remains undisputed that Gemini did in fact pay $1,000,000, the maximum required under the policy at issue, to help settle claims in the

---

[1] Because this Court has subject matter jurisdiction under 28 U.S.C. § 1332, it applies Washington substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

underlying lawsuit.[2] Colony points to no authority that supports its assertion that an insurer who has made contributions up to its policy limit can be liable beyond that amount. (*See generally* Dkt. No. 30.) This case is unlike the cases Colony cites, where the excess insurers were able to claim contribution or subrogation against a primary insurer who had not yet paid its fair share. (*Id.* at 6.) Here, Gemini already contributed its maximum policy limit.

Colony also argues that the Court should not rule on summary judgment because discovery is still ongoing. (*Id.* at 7.) It argues additional discovery is necessary to support a potential bad faith claim against Gemini. (*Id.*) But it argues this bad faith claim is based on its subrogation claim, which fails for the reasons stated above. To obtain a continuance under Federal Rule of Civil Procedure 56(d), a party must set forth in an affidavit specific facts it hopes to elicit from further discovery and show such facts exist and are necessary to oppose summary judgment. *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Colony has not done so here and the Court declines to delay ruling on summary judgment on this basis.

## III.   CONCLUSION

Because there are no genuine disputes as to any material facts, Defendant's motion for summary judgment (Dkt. No. 27) is GRANTED, and Plaintiff's claims against Gemini are DISMISSED with prejudice.

DATED this 31st day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] For purposes of this order, the Court need not decide whether Gemini's payment should have been applied in part to Saltaire's obligations. It is sufficient to note that Gemini cannot be required to pay any additional funds beyond the upper limit of the policy at issue.