THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLONY INSURANCE COMPANY,

Plaintiff,

v.

GEMINI INSURANCE COMPANY, *et al.*

Defendants.

CASE NO. C22-0394-JCC

ORDER

This matter comes before the Court on Defendant Navigators Specialty Insurance Company's ("Navigators") motion for summary judgment (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, and hereby GRANTS the motion for the reasons explained herein.

I.      BACKGROUND

This case involves a dispute between three insurance companies over who bears responsibility for paying a settlement arising from a personal injury lawsuit. Superior Sole Fabrication & Welding, Inc. ("Superior") was subcontracted by Saltaire Craftsmen ("Saltaire") for a building remodel project. (Dkt. No. 1 at 2.[1]) In early 2020, a personal injury lawsuit was filed against both Superior and Saltaire after an individual fell through the rooftop deck of an

---

[1] The parties cite to the complaint and supporting exhibits to support various factual assertions. The facts are undisputed, except as otherwise noted.

apartment building. (Dkt. No. 1-2.)

At the time of the incident, Superior had general liability insurance with Defendant Gemini Insurance Company ("Gemini"). (Dkt. No. 1-5.) The Gemini policy had a $1,000,000 "Each Occurrence Limit." (*Id.* at 18.) Superior also had a commercial excess liability policy with Defendant Navigators Specialty Insurance Company ("Navigators"), which provided excess insurance up to $4,000,000 per occurrence. (Dkt. No. 1-6.) Superior obtained the Navigators policy in 2019. (*Id.* at 3.) Saltaire had both a general and excess liability policy with Plaintiff Colony Insurance Company ("Colony"). (Dkt. Nos. 1-3, 1-4.) The subcontract between Superior and Saltaire required Superior to obtain general liability insurance naming Saltaire as an additional insured. (Dkt. No. 1-1 at 8.)

The parties in the underlying lawsuit agreed to mediate the case, and reached a settlement agreement with both Superior and Saltaire. (Dkt. No. 1 at 8–9.) As part of the settlement, both Superior and Saltaire agreed to pay $2,875,000 each. (*Id.*) Gemini contributed $1,000,000 (its policy limit) and Navigators contributed $1,875,000 (the remainder) on behalf of their insured Superior, and Colony contributed $2,875,000 on behalf of their insured Saltaire. (*Id.*) Following the settlement, Colony filed suit against Gemini and Navigators for declaratory relief, equitable contribution, and equitable subrogation. (Dkt. No. 1.) Colony alleges it was improperly required to contribute the entire $2,875,000 settlement obligation owed by Saltaire. (Dkt. No. 1 at 29.) Colony now asks the Court to require Navigators to indemnify it up to $1,000,000 for the amount it paid on behalf of Saltaire. (*Id.* at 10–18.)

Navigators now moves for summary judgment, arguing Colony's claims for declaratory relief, equitable contribution, and equitable subrogation fail as a matter of law. (Dkt. No. 26.) Colony opposes the motion. (Dkt. No. 31.)

## II.    DISCUSSION

### A.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).

Under Washington law, where a contract presents no ambiguity and there is no extrinsic evidence to be presented, the interpretation of that contract is a question of law. *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 875 n.9 (Wash. 2008).[2] The interpretation of an insurance policy "is to be interpreted in accordance with the way it would be understood by the average person." *Weyerhauser Co. v. Aetna Cas. & Sur. Co.*, 874 P.2d 142, 145 (Wash. 1994).

### B.    Claims against Navigators

Navigators and Colony's main dispute is whether Saltaire was an additional insured under the Navigators policy. Navigators argues Colony's assertion that Navigators must indemnify Colony for payments Colony made on behalf of Saltaire necessarily fails because Saltaire was not an additional insured under Navigators' policy. (Dkt. No. 26 at 10–15.) Colony counters that the contract language is ambiguous, making an examination of extrinsic evidence necessary to interpret it. (Dkt. No. 31 at 5.)

In order to determine whether summary judgment is appropriate, the Court turns to the contract language at dispute. The subcontract between Saltaire and Superior states:

---

[2] Because this Court has subject matter jurisdiction under 28 U.S.C. § 1332, it applies Washington substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

[Superior] shall obtain and keep in force during the term of the SUBCONTRACT and supply a certificate of insurance stating the following:

|  | General Liability | Employer's Liability | Automobile |
|---|---|---|---|
| Occurrence | $1,000,000 | $1,000,000/Accid | $1,000,000 |
| Aggregates | $2,000,000 Gen'l Agg<br>$2,000,000 Prod/Co Agg | $1,000,000/Policy Limit | |

(Umbrella insurance may be used to fulfill part of these requirements)

In the event subcontractor does not meet all of the conditions, including the additional insured and waive of subrogation requirements than 1.5% of contract price will be deducted from subcontractor.

Additional Insured

Subcontractor's General Liability Policy must name [Saltaire] as an Additional Insured. The additional insured wording must be noted on the Certificate of Insurance provided to Saltaire prior to commencing work, and maintained throughout the duration of the work.

(Dkt. No. 1-1 at 7–8.)

Under the Navigators policy, "who is an insured" is defined by the definition in the "controlling underlying insurance" policy. (Dkt. No. 1-6 at 7.) Under the controlling underlying insurance, the Gemini Policy, (*see* Dkt. No 1-6 at 3, 26) (stating Gemini issued the underlying insurance policy), "who is an insured" includes "[a]ny person or organization when you have agreed in a written and executed contract, prior to an 'occurrence', that such person or organization be added as an additional insured on your policy." (Dkt. No. 1-5 at 103.) The Gemini policy also states coverage required by contract or agreement "will not be broader than that which you are required by the contract or agreement to provide for such additional insured." (*Id.*) The Navigators policy similarly states that "the Limits of Insurance available for the additional insured will be lesser of . . . the amount of insurance [Navigators] is required to provide the additional insured in the written contract or agreement." (Dkt. No. 1-6 at 28.)

Based on the contract terms, Navigators argues Saltaire was not an additional insured under its policy. (Dkt. No. 26 at 10–13.) Navigators first points to the subcontract, which

required Superior to obtain a general liability insurance policy of $1,000,000 per occurrence. (Dkt. No. 26 at 11) (citing Dkt. No. 1-1 at 7–8). It argues this condition of the contract was fulfilled by Superior's policy with Gemini. (*Id.*) Navigators also argues that under the terms of the subcontract, Superior was only required to note the "additional insured wording" prior to commencing work, and maintain it throughout the duration of the work. (Dkt. No. 1-1 at 8.) Navigators notes the work under the subcontract ended well before the Navigators policy was issued. (Dkt. No. 26 at 11.)

Colony argues Navigators presents a "subjective interpretation" of the subcontract and "mistakenly concludes the Subcontract is unambiguous." (Dkt. No. 31 at 4.) Specifically, it points to the Subcontract language that states, "Umbrella insurance may be used to fulfill part of these requirements." (*Id.*) (citing Dkt. No. 1-1 at 7.) Colony argues this means that Navigators had to cover Saltaire as an additional insured if the primary policy did not provide the $1,000,000 in liability coverage. (*Id.* at 5.) But Colony misinterprets the meaning of this provision.

Under the terms of the subcontract, Superior was required to obtain general liability insurance covering at least $1,000,000 per occurrence. (Dkt. No. 1-1 at 7.) Superior obtained such insurance through the Gemini policy. Nowhere in the subcontract does it *require* an umbrella or excess policy. Additionally, the Navigators policy explicitly states it only provides coverage to an additional insured to the extent required by contract. Because the subcontract did not require Superior to obtain insurance for Saltaire as an additional insured beyond $1,000,000 in general liability per occurrence, Navigators was under no obligation to cover Saltaire as an additional insured.

Navigators argues *Lewark v. Davis Door Servs., Inc.*, 321 P.3d 274 (Wash Ct. App. 2014), is directly on point to the case at hand. In *Lewark*, a company sued an insurance company who provided an umbrella insurance policy, alleging it failed to provide coverage to it as an additional insured as required by the policy. *Id.* at 275. The policy stated it provided coverage

"only to the extent of limits of insurance required by [the written] contract [between the named insured and additional insured.]" *Id.* The contract only required the named insured to obtain general liability insurance. *Id.* The *Lewark* court held that because the umbrella policy only required what was required by the contract, and the contract did not *require* excess insurance, the company's claims necessarily fail because it was not covered by the umbrella policy as an additional insured. *Id.* at 276.

This case is analogous to the case at hand. Here, the Navigators policy states it only applies to the extent required by contract. And although the contract has a clause allowing excess insurance to fulfill the subcontractor's insurance obligations, it does not *require* excess insurance. Because the Gemini policy fully met the insurance requirement, Navigators was not required to include Saltaire as an additional insured. The contract language is not ambiguous.

Because the contract here is unambiguous, the Court's interpretation of the contract is a question of law, and the Court need not consider Colony's extrinsic evidence.[3] Because Saltaire was not an additional insured under the Navigators policy, Colony's claims necessarily fail. Accordingly, the Court GRANTS summary judgment to Navigators.

Colony also argues that the Court should not rule on summary judgment because discovery is still ongoing. (Dkt. No. 31 at 10–13.) It argues additional discovery is necessary to support a potential bad faith claim against Navigators. (*Id.*) But it argues this bad faith claim is based on its subrogation and contribution claims, which fail for the reasons stated above. To obtain a continuance under Federal Rule of Civil Procedure 56(d), a party must set forth in an affidavit specific facts it hopes to elicit from further discovery and show such facts exist and are necessary to oppose summary judgment. *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan*

---

[3] Moreover, the only extrinsic evidence Colony provides is one of Gemini's employee's interpretation of the subcontract. (Dkt. No. 31 at 7.) Where a contract is ambiguous, the Court may consider extrinsic evidence to help understand the parties' intent in forming the contract. *Viking Bank v. Firgrove Commons 3, LLC*, 334 P.3d 116, 120 (Wash. Ct. App. 2014). A third party's analysis of the contract's meaning lends no support to determine the parties' intent in contract formation.

1 *Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Colony has not done so here and the Court

2 declines to delay ruling on summary judgment on this basis.

3 **III.    CONCLUSION**

4          Because there are no genuine disputes as to any material facts, Defendant Navigator's

5 motion for summary judgment (Dkt. No. 26) is GRANTED, and Plaintiff's claims against

6 Navigators are DISMISSED with prejudice.

7          DATED this 31st day of May 2023.

8

9

10

11          John C. Coughenour
           UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26